## UNTIED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRACY GORMAN**                                      **CIVIL ACTION**

**VERSUS**                                            **NO. 15-00790-BAJ-EWD**

**BRANDON SCHIELE AND**
**GREENWICH INSURANCE COMPANY**


## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.    Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 20, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNTIED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRACY GORMAN**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 15-00790-BAJ-EWD**

**BRANDON SCHIELE AND**
**GREENWICH INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Remand.  (R. Doc. 4).  Defendant XL Insurance America, Inc. ("XL Insurance"),[1] opposes the Motion.  (R. Doc. 8).  Plaintiff has filed a Reply.  (R. Doc. 9).  For the following reasons, the undersigned recommends that plaintiff's Motion be **DENIED**.

### Factual and Procedural Background

On July 2, 2015, Tracy Gorman ("Gorman"), filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, alleging that her vehicle was negligently struck by a vehicle driven by defendant Brandon Schiele on October 22, 2014.  (R. Doc. 1-1 at 3).  In the Petition, Gorman seeks recovery for injuries allegedly sustained as a result of the accident, including the exacerbation of a pre-existing Reflex Sympathetic Dystrophy condition that required additional permanent care.  (*Id*.)  Gorman named as defendants Schiele and Schiele's automobile insurer, XL Insurance.

On November 23, 2015, XL Insurance removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (R. Doc. 1).  In the Notice of Removal, XL Insurance asserts that the value of Gorman's claim, which seeks the recovery of general damages, future disability damages, and medical expenses, exceeds $75,000 because courts have concluded that the lowest amount reasonably

---

[1] In the Notice of Removal, XL Insurance asserts that it was erroneously referred to as Greenwich Insurance Company.  (R. Doc. 1 at 1).

within the jury's discretion for injuries similar to those alleged by Gorman is $75,000. (R. Doc. 1 at 4) (citing *Knabel v. Lewis*, 00-1464, p.7 (La. App. 1 Cir. 9/28/01), 809 So.2d 314, 319). XL Insurance also asserts that there is complete diversity between the parties because Gorman is a citizen of Mississippi and XL Insurance is a corporation domiciled in Delaware and its principal place of business is in Connecticut. (R. Doc. 1 at 2). XL Insurance asserts that it was not a Louisiana citizen when this action was filed or when it removed the action. Although Gorman alleges that Schiele is a Louisiana citizen, XL Insurance argues that complete diversity exists because Schiele had not yet been served when XL Insurance filed the Notice of Removal. (*Id.*).

On December 22, 2015, Gorman filed the instant Motion for Remand, seeking to remand the action to state court on the basis that the Court lacks diversity jurisdiction. (R. Doc. 4).[2] Gorman asserts that complete diversity does not exist because Schiele is a Louisiana citizen, the accident that gives rise to this action occurred in Louisiana, and the lawsuit was filed in Louisiana. Gorman argues that if removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). While Gorman admits Schiele was properly joined but had not been served when XL Insurance filed the Notice of Removal, Gorman asserts removal is improper under the "forum defendant" rule, codified as § 1441(b)(2). (R. Doc. 4-1 at 3-4).

Gorman asserts that removal is also improper because complete diversity does not exist as to XL Insurance. Gorman cites 28 U.S.C. § 1332(c)(1), which provides that, "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A). Gorman argues that pursuant to § 1332(c)(1)(A), XL Insurance is deemed a citizen of

---

[2] Gorman does not dispute that the amount in controversy exceeds $75,000.

Louisiana because its insured, Schiele, is a Louisiana citizen.  (R. Doc. 4-1 at 4).  Relying again on the forum defendant rule, Gorman asserts that since XL Insurance is deemed a Louisiana citizen, removal is improper under § 1441(b)(2).

In Opposition, XL Insurance asserts that Gorman's arguments lack merit and removal is proper under the plain language of §§ 1332(c)(1) and 1441(b).  (R. Doc. 8-1).[3]  XL Insurance asserts that § 1332(c)(1)(A) does not apply in this case because the plain language of the statute provides that the insurer shall be deemed a citizen of the State of which its insured is a citizen only when "the insured *is not joined as a party defendant*."  28 U.S.C. § 1332 (c)(1) (emphasis added).  Since Gorman does not dispute that Schiele, the alleged insured of XL Insurance, was properly joined as a party defendant, XL Insurance argues that it does not assume the citizenship of Schiele.  (R. Doc. 8-2 at 4-5).  XL Insurance asserts that Gorman is asking this Court to rewrite § 1332(c)(1) to eliminate the words "to which the insured is not joined as a party defendant" and further argues that the statute should be read as it is written.  Where, as here, the insured is joined as a party defendant, XL Insurance contends there is no basis for deeming the insurer a citizen of the state of which the insured is a citizen.

XL Insurance further argues that this case was properly removed under § 1441(b) because the forum defendant, Schiele, was not properly served at the time of removal.  According to XL Insurance, the express language of § 1441(b) mandates that the forum defendant must not only be properly *joined*, but must also have been *served* at the time the notice of removal is filed in order to bar removal.  (R. Doc. 8-2 at 6).  Here, Gorman concedes that Schiele had not been served at the time of removal.  XL Insurance asserts that under the plain language of § 1441(b), the forum defendant rule does not apply because the

---

[3] On January 12, 2016, XL Insurance filed a Memorandum of Law in Opposition to Plaintiff's Motion to Remand (R. Doc. 6). On January 13, 2016, a Notice of Non-Compliance with LR 7(g) was issued, notifying XL Insurance that corrective action was required.  (R. Doc. 7).  On the same day, XL Insurance filed a Motion to Substitute Record Document Number 6.  (R. Doc. 8). This Court granted the Motion on January 21, 2016, and ordered that Record Document 8-1 shall be substituted for Record Document 6-1.  (R. Doc. 10).

case was properly removed before the forum defendant was served.  *See Stewart v. Auguillard Const. Co., Inc.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) ("courts have virtually uniformly held that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal."); *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658 (E.D. La. Apr. 23, 2013) (finding removal was proper under § 1441(b)(2) because the only local defendant had not been served at the time of removal).

XL Insurance claims that remand should also be denied because in 2011, Congress made various amendments to the removal statute, but left intact the requirement that to bar removal, forum defendants must be "properly joined and served as defendants."  (R. Doc. 8-2 at 8-9).  XL Insurance argues that by retaining the "properly joined and served" language, Congress intended for the plain language of the statute to be followed.  XL Insurance further argues the phrase "properly joined and served" should have a consistent meaning throughout the removal statute, and that the phrase should have the same meaning in § 1441(b)(2) as it does in the consent to removal statute, § 1446(b)(2)(A).  (R. Doc. 8-2 at 9-10).  With respect to consent to removal, XL Insurance contends it is undisputed that the phrase "properly joined and served" means that only served defendants must consent to removal.  *See* 28 U.S.C. § 1446(b)(2)(A).  XL Insurance argues that the identical phrase as used in the forum defendant rule should similarly mean only served forum defendants preclude removal.

On January 19, 2016, Gorman filed a Supplemental Memorandum in Support of Motion for Remand, asking the Court to forego ruling on the Motion for Remand until the defendants have responded to the outstanding discovery and Gorman is given sufficient time to effect proper service on Schiele.  (R. Doc. 9).  Gorman asserts that she propounded two sets of discovery requests upon the defendants requesting information about the driver of the vehicle, and that defendants provided the name of the driver but no address.  (R. Doc. 9-2 at 1).  Gorman claims the deadline for responding to the second discovery

request had not yet run when Gorman filed the Supplemental Memorandum.  Gorman asserts that a 10.1 conference is scheduled to address defendants' failure to completely answer the original interrogatories and after the conference, Gorman will file an appropriate motion to compel, if necessary.[4]  Until then, Gorman argues the remand issue is premature.

### Applicable Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).[5]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

### A.  28 U.S.C. § 1332(c)(1)(A) Does Not Apply In This Case.

The diversity statute provides a special rule governing the citizenship of insurers where a "direct action" has been brought against them:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the

---

[4] Gorman is likely referring to Rule 10.1 of the Louisiana District Court Rules, which requires parties to confer in person or by telephone for the purpose of amicably resolving discovery disputes prior to filing a motion to compel discovery.   LA DIST COURT RULES, Rule 10.1.  A similar requirement is found in Federal Rule of Civil Procedure 37.1.  *See* Fed. R. Civ. P. 37.1.

[5] There is no dispute that the amount in controversy requirement is satisfied.

insured is not joined as a party-defendant, such insurer shall be deemed a
citizen of every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(A).  In the instant case, the parties dispute whether § 1332(c)(1)(A) applies and

whether XL Insurance is deemed a citizen of Louisiana since Schiele, its insured, is a Louisiana resident.

If the provisions of § 1332(c)(1)(A) apply, XL Insurance is deemed to be a citizen of Louisiana and the

forum defendant rule would preclude removal because XL Insurance would be "a citizen of the State in

which such action is brought."  28 U.S.C. § 1441(b)(2).  However, if § 1332(c)(1)(A) does not apply, then

XL Insurance is only a citizen of Delaware and Connecticut, its state of incorporation and its principal

place of business, and complete diversity would exist.  (R. Doc. 1 at 2).

Gorman asserts that because XL Insurance is a defendant in this case, § 1332(c)(1)(A)

automatically applies and its citizenship is deemed to be that of its insured, Schiele.  Since Schiele is a

Louisiana citizen, Gorman claims XL Insurance is deemed to be a Louisiana citizen and removal is

improper under the forum defendant rule.  In contrast, XL Insurance argues that § 1332(c)(1)(A) only

applies if "the insured is not joined as a party-defendant."  Since Gorman concedes that Schiele is a proper

party defendant in this case, XL Insurance asserts § 1332(c)(1)(A) does not apply and it is not deemed to

be a Louisiana citizen.  XL Insurance similarly argues that because Schiele was not served at the time of

removal, which Gorman readily admits, the forum defendant rule does not apply to defeat removal.

The Fifth Circuit has held that in matters of statutory interpretation, courts always begin "with the

plain language and structure of the statute."  *Coserv Liab. Corp. v. Sw. Bell Tel. Co*., 350 F.3d 482, 486

(5th Cir. 2003) (citation omitted).  Section 1332(c)(1)(A) expressly provides that for the purposes of

diversity jurisdiction:

[A] corporation shall be deemed to be a citizen of every State and foreign
state by which it has been incorporated and of the State or foreign state
where it has its principal place of business, except that in any direct action
against the insurer of a policy or contract of liability insurance, whether
incorporated or unincorporated, *to which action the insured is not joined as*

7

> *a party-defendant*, such insurer shall be deemed a citizen of-- every State
> and foreign state of which the insured is a citizen . . . .

28 U.S.C. § 1332 (c)(1)(A) (emphasis added). One district within this circuit has held, "The language of this statute could not be more clear. By its express terms, this statute only applies to direct actions in which the insured is not named as a party defendant." *Lankford v. National Carriers, Inc.*, No. 12-1280, 2013 WL 672454, at *4 (W.D. La. Jan. 14, 2013). The Fifth Circuit has defined a "direct action" as a case in which "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer *without joining the insured* and without having first obtained a judgment against the insured." *Lankford*, 2013 WL 672454 at *4 n.1 (quoting *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974)) (emphasis added by *Lankford*).

In her Motion for Remand, Gorman concedes that Schiele "has been properly joined" in this matter. (R. Doc. 4-1 at 3). Since the insured was joined as a defendant, § 1332(c)(1)(A) is inapplicable in this case and XL Insurance is not deemed to be a Louisiana citizen. *See Lankford*, 2013 WL 672454 at *4 (finding that the case was not a "direct action" against an insurer because the insured was named as a defendant); *Lau v. Beaird Co., Ltd*., No.08-691, 2008 WL 4960226, at *3-4 (M.D. La. Nov. 20, 2008) (concluding that § 1332(c)(1) requires that the insured not be joined as a defendant); *Mahan v. Williams*, No. 02-3265, 2003 WL 79017, at *2 n.1 (E.D. La. Jan. 8, 2003) (noting that § 1332(c)(1) did not apply because both insureds had been joined as defendants); *Spiller v. Randle*, No. 92-3764, 1993 WL 35211, at *1 (E.D. La. Feb. 4, 1993) (concluding that § 1332(c)(1) did not apply because the insured had been joined as a defendant); *Barron v. Paulsen Wire Rope Corp.*, No. 93-3274, 1993 WL 534195, at *2 (E.D. La. Dec. 16, 1993) (§ 1332(c)(1)(A) not applicable where insured was named as a defendant); *Illg v. Jacat*

*Corp.*, No. 89-3519, 1989 WL 113979, at *1 (E.D. La. Sept. 25, 1989) (since the insured and the insurer were named as defendants, § 1332(c) did not apply prior to dismissal of the insured).[6]

Because § 1332(c)(1)(A) does not apply in this case, XL Insurance is a citizen of Delaware and Connecticut, its state of incorporation and its principal place of business.  Thus, complete diversity exists between XL Insurance and Gorman, a Mississippi resident.

**B.  28 U.S.C. § 1441(b)(2) Does Not Bar Removal.**

The forum defendant rule of § 1441(b) provides that when the federal court's original jurisdiction is based on diversity of citizenship, the civil action "may not be removed if any of the parties in interest properly joined and *served* as defendants is a citizen in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added).  The forum defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought.  *Stewart v. Auguillard Const. Co.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citing *Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir. 2006)).  The purpose of the "joined and served" requirement is to prevent a plaintiff from stopping removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve.  *Stewart*, 2009 WL 5175217 at *3 (citing *Stan Winston Creatures v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003)).

Neither the Fifth Circuit nor this Court has ruled on whether the forum defendant rule bars removal where the forum defendant was not served with process at the time of removal, and district courts are split

---

[6] Although the Fifth Circuit has not addressed this particular issue, both the Fifth Circuit and the Supreme Court have recognized that the purpose of § 1332(c)(1)(A) was "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."  *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 10, 110 S. Ct. 297, 299, 107 L. Ed. 2d 223 (1989) (*quoting* S.Rep. No. 1308, 88th Cong., 2d Sess., 1 (1964), reprinted in 1964 U.S.C.C.A.N. 2778, 2778-79); *See Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207, 1209 (5th Cir. 1972); *Chevalier v. Reliance Ins. Co. of Illinois*, 990 F.2d 625 (5th Cir. 1993) (unpub.).

on the issue. *Reynolds v. Pers. Representative of the Estate of Johnson*, No. 15-101, 2015 WL 5839408, at *2 (W.D. Tex. Oct. 7, 2015).  The majority of courts that have considered the question, including multiple district courts within this circuit, have ruled that the plain language of § 1441(b)(2) bars removal only where the forum defendant was properly served at the time of removal, and that the presence of a forum defendant will not create a defect if that defendant was not properly served at the time of removal. *Williams v. Boyd Racing LLC,* No. 15-2673, 2016 WL 236993, at *3 (W.D. La. Jan. 19, 2016); *Reynolds*, 2015 WL 5839408 at *2-3.[7]  Under this reasoning, forum defendants who have not been served at the time of removal are not "properly joined and served as defendants" under the statute, and thus do not bar removal. *Reynolds*, 2015 WL 5839408 at *2.

Other courts have taken a skeptical view of the "properly joined and served" language when it appears that the defense is taking improper advantage of the exception to circumvent the forum defendant rule by removing the action before service on the forum defendant. *Williams*, 2016 WL 236993 at *3; *Reynolds*, 2015 WL 5839408 at *3.[8]  One district within this circuit has specifically emphasized that allowing the forum defendant himself to use this language would produce "an undeniably absurd result." *Williams*, 2016 WL 236993 at *3 (citing *Breitweiser v. Chesapeake Energy Corp.*, No. 15-2043, 2015 WL 6322625, at *4-5 (N.D. Tex. Oct. 20, 2015)).  However, *Breitweiser* dealt with "snap removals," which occur "just after the state court case has been filed" and "just before the plaintiff has the opportunity

---

[7] *See e.g., Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013); *Holmes v. Lafayette*, No. 11-021, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013); *Evans v. Rare Coin Wholesalers, Inc.*, No. 09-259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002); *In re Norplant Contraceptive Prods. Liability Litig.*, 889 F.Supp. 271, 275 (E.D. Tex. 1995) (finding "numerous cases which support the proposition that . . . the citizenship of unserved defendants should not be considered under 28 U.S.C. § 1441(b)"); *see also* 14B Wright & Miller, Federal Practice and Procedure, § 3723 (4th ed. 2009) (noting that the 1948 amendment to § 1441(b) inserted the language "and served," "which implies that a diverse, but resident defendant who has not been served may be ignored in determining removability."); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

[8] *See, e.g., NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009); *Grizzly Mountain Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282, 286 n.5 (S.D. Tex. 2008); *Sullivan v. Novartis Pharms.*, 575 F. Supp. 2d 640, 642–47 (D.N.J. 2008); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734–35 (N.D. Ill. 2007).

to serve any forum defendant." 2015 WL 6322625 at *3. The instant case does not seem to be a "snap removal," as over four months had passed between filing of the Petition in state court and removal.

We agree with the court's conclusion in *Reynolds* that, "While the Court shares the concern that allowing removal prior to service on a forum defendant could allow forum manipulation by defendants, this concern does not override the plain language of the statute." *Reynolds,* 2015 WL 5839408 at *3. The *Reynolds* court further held, "Section 1441(b)(2) prohibits removal only where a forum defendant has been "properly joined and served," and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal." *Id.* In the instant case, Gorman and XL Insurance are completely diverse and Gorman admitted that there was no forum defendant properly served at the time of removal. (*See* R. Doc. 4-1 at 4; R. Doc. 9; R. Doc. 9-2 at 2). Although it is Gorman's position that the mere presence of a forum state defendant in the lawsuit, whether served or unserved, bars removal by a served, non-forum defendant under § 1441(b)(2), we reject this position, as the court did in *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 23, 2013). As such, remand is not required.

## Conclusion

Based on the foregoing, XL Insurance has met its burden of proving that there is complete diversity and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court finds that 28 U.S.C. § 1332(c)(1)(A) does not apply in this case because the insured, Brandon Schiele, was joined as a defendant. The forum defendant rule, codified in 28 U.S.C. § 1441(b)(2), also does not apply to bar removal in this case because the forum defendant, Brandon Schiele, was not served at the time of removal.

## RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion for Remand (R. Doc. 4) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on May 20, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**