# UNTIED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TRACY GORMAN                                CIVIL ACTION

VERSUS                                      NO. 15-00790-BAJ-EWD

BRANDON SCHIELE AND
GREENWICH INSURANCE COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 8, 2016.

                                                                  _____
                                                                  **ERIN WILDER-DOOMES**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNTIED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACY GORMAN | CIVIL ACTION |
| VERSUS | NO. 15-00790-BAJ-EWD |
| BRANDON SCHIELE AND GREENWICH INSURANCE COMPANY | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Remand, filed on June 6, 2016. (R. Doc. 27). For the reasons set forth in this Court's prior Report and Recommendation (R. Doc. 24), the undersigned recommends that Plaintiff's Motion be **DENIED**.

**Factual and Procedural Background**

In this personal injury case, Tracy Gorman asserts that she was injured in an automobile accident that was caused by the negligence of defendant, Brandon Schiele. On July 2, 2015, Gorman filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, against Schiele and Schiele's automobile insurer, XL Insurance America, Inc. ("XL Insurance").[1] (R. Doc. 1-1).

On November 23, 2015, XL Insurance removed the action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (R. Doc. 1). In the Notice of Removal, XL Insurance argued that the value of Gorman's claim exceeds $75,000 and there is complete diversity between the parties because Gorman is a citizen of Mississippi and XL Insurance is a corporation domiciled in Delaware with its principal place of business in Connecticut. (R. Doc. 1 at 2, 4). Although

---

[1] XL Insurance was erroneously referred to as Greenwich Insurance Company in the state court Petition. (R. Doc. 1 at 1).

2

Gorman alleged that Schiele is a Louisiana citizen, XL Insurance argued complete diversity exists because Schiele had not yet been served when XL Insurance filed the Notice of Removal. (*Id.*).

On December 22, 2015, Gorman filed a Motion for Remand, asserting, among other things, that the Court lacked diversity jurisdiction because Schiele is a Louisiana citizen. (R. Doc. 4).[2] Although Gorman admitted that Schiele was properly joined but had not been served when XL Insurance filed the Notice of Removal, Gorman asserted removal was improper under the "forum defendant" rule, codified as 28 U.S.C. § 1441(b)(2). (R. Doc. 4-1 at 3-4). Section 1441(b)(2) provides that when the federal court's original jurisdiction is based on diversity of citizenship, the civil action "may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). XL Insurance opposed to Motion for Remand, arguing that the case was properly removed under § 1441(b) because the forum defendant, Schiele, was not properly served at the time of removal. (R. Doc. 8-2 at 6).

This Court issued a Report and Recommendation on May 20, 2016, recommending that the Motion for Remand be denied. (R. Doc. 24). This Court concluded that the forum defendant rule, codified in 28 U.S.C. § 1441(b)(2), did not apply to bar removal in this case because the forum defendant, Brandon Schiele, was not served at the time of removal. (R. Doc. 24 at 9-11).

On June 6, 2016, Gorman filed the instant Motion to Remand, asserting that removal is improper under § 1441(b)(2) because Schiele has now been properly joined and served and, as such, complete diversity does not exist. (R. Doc. 27).

---

[2] Gorman did not dispute that the amount in controversy exceeds $75,000.

**Applicable Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Since the instant Motion raises the same argument regarding the forum defendant rule that was raised in Gorman's prior Motion for Remand (R. Doc. 4), the undersigned adopts the reasoning set forth in the prior Report and Recommendation (R. Doc. 24) and recommends that the Motion be denied. In the prior Report and Recommendation, the undersigned provided the following analysis regarding removal and the forum defendant rule:

> The forum defendant rule of § 1441(b) provides that when the federal court's original jurisdiction is based on diversity of citizenship, the civil action "may not be removed if any of the parties in interest properly joined and *served* as defendants is a citizen in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). The forum defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought. *Stewart v. Auguillard Const. Co.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citing *Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir. 2006)). The purpose of the

"joined and served" requirement is to prevent a plaintiff from stopping removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve. *Stewart*, 2009 WL 5175217 at *3 (citing *Stan Winston Creatures v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003)).

Neither the Fifth Circuit nor this Court has ruled on whether the forum defendant rule bars removal where the forum defendant was not served with process at the time of removal, and district courts are split on the issue. *Reynolds v. Pers. Representative of the Estate of Johnson*, No. 15-101, 2015 WL 5839408, at *2 (W.D. Tex. Oct. 7, 2015). The majority of courts that have considered the question, including multiple district courts within this circuit, have ruled that the plain language of § 1441(b)(2) bars removal only where the forum defendant was properly served at the time of removal, and that the presence of a forum defendant will not create a defect if that defendant was not properly served at the time of removal. *Williams v. Boyd Racing LLC*, No. 15-2673, 2016 WL 236993, at *3 (W.D. La. Jan. 19, 2016); *Reynolds*, 2015 WL 5839408 at *2-3.[3] Under this reasoning, forum defendants who have not been served at the time of removal are not "properly joined and served as defendants" under the statute, and thus do not bar removal. *Reynolds*, 2015 WL 5839408 at *2.

Other courts have taken a skeptical view of the "properly joined and served" language when it appears that the defense is taking improper advantage of the exception to circumvent the forum defendant rule by removing the action before service on the forum defendant. *Williams*, 2016 WL 236993 at *3; *Reynolds*, 2015 WL 5839408 at *3. One district within this circuit has specifically emphasized that allowing the forum defendant himself to use this language would produce "an undeniably absurd result." *Williams*, 2016 WL 236993 at *3 (citing *Breitweiser v. Chesapeake Energy Corp.*, No. 15-2043, 2015 WL 6322625, at *4-5 (N.D. Tex. Oct. 20, 2015)). However, *Breitweiser* dealt with "snap removals," which occur "just after the state court case has been filed" and "just before the plaintiff has the opportunity to serve any forum defendant." 2015 WL 6322625 at

---

[3] *See e.g., Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013); *Holmes v. Lafayette*, No. 11-021, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013); *Evans v. Rare Coin Wholesalers, Inc.*, No. 09-259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002); *In re Norplant Contraceptive Prods. Liability Litig.*, 889 F.Supp. 271, 275 (E.D. Tex. 1995) (finding "numerous cases which support the proposition that . . . the citizenship of unserved defendants should not be considered under 28 U.S.C. § 1441(b)"); see also 14B Wright & Miller, Federal Practice and Procedure, § 3723 (4th ed. 2009) (noting that the 1948 amendment to § 1441(b) inserted the language "and served," "which implies that a diverse, but resident defendant who has not been served may be ignored in determining removability."); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

> *3. The instant case does not seem to be a "snap removal," as over four months had passed between filing of the Petition in state court and removal.
>
> We agree with the court's conclusion in *Reynolds* that, "While the Court shares the concern that allowing removal prior to service on a forum defendant could allow forum manipulation by defendants, this concern does not override the plain language of the statute." *Reynolds*, 2015 WL 5839408 at *3. The *Reynolds* court further held, "Section 1441(b)(2) prohibits removal only where a forum defendant has been "properly joined and served," and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal." *Id*. In the instant case, Gorman and XL Insurance are completely diverse and Gorman admitted that there was no forum defendant properly served at the time of removal. (See R. Doc. 4-1 at 4; R. Doc. 9; R. Doc. 9-2 at 2). Although it is Gorman's position that the mere presence of a forum state defendant in the lawsuit, whether served or unserved, bars removal by a served, non-forum defendant under § 1441(b)(2), we reject this position, as the court did in *Harvey v. Shelter Ins. Co*., No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 23, 2013). As such, remand is not required.

(R. Doc. 24 at 9-11).

Further, "Section 1441(b) is a procedural requirement that relates to removability of an action, not the issue of whether diversity exists." *Stewart v. Auguillard Const. Co., Inc.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009); *See In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-94 (5th Cir. 2009); *Ott v. Consol. Freightways Corp.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002). The propriety of removal is evaluated at the time the removal petition is filed. *Stewart*, 2009 WL 5175217 at *4 (citing *Texas Beef Group v. Winfrey*, 201 F.3d 680, 685 (5th Cir. 2000)). Here, at the time of removal, there was complete diversity between the parties because the non-resident defendant, XL Insurance, had been served, but Schiele, the resident defendant, had not. Under § 1441(b)(2), removal is proper when there is complete diversity between the parties properly joined and served. Thus, removal in this case was proper. "Even if the form [sic] defendant is served after the case is removed, no party would have a valid objection to the removal

based on his residence." *Stewart*, 2009 WL 5175217 at *4 (*citing* 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3723 (4th ed. 2009)) (footnote omitted).

## Conclusion

The forum defendant rule, codified in 28 U.S.C. § 1441(b)(2), does not bar removal in this case because the forum defendant, Brandon Schiele, was not served at the time of removal.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Plaintiff's Motion for Remand (R. Doc. 27) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 8, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**